# UNITED STATES DISTRICT COURT
for the
Eastern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No.
)
USPS Express Mail Parcel, EI 795791972 US addressed )
to "MRS. Tillman, 2133 Gold Hollow CT, Gold River CA. )
95670" )   2:13-SW-0651

**FILED**
OCT 07 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ CKD _____ DEPUTY CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A**

located in the   **EASTERN**   District of   **CALIFORNIA**  , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1); | Distribution and possession with intent to distribute a controlled substance; |
| 21 U.S.C. § 843(b); | Illegal use of the mails in furtherance of narcotic trafficking; and |
| 21 U.S.C. § 846 | Attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

See Affidavit of Postal Inspector Michael Chavez in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Michael Chavez, Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   10/03/2013

_____
*Judge's signature*

City and state:  Sacramento, California          Hon. Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## Affidavit of Postal Inspector Michael Chavez

I, Michael Chavez, being duly sworn, hereby depose and state:

## Purpose

1. This Affidavit is made in support of a search warrant for a:

   a. USPS Express Mail Parcel, EI 795791972 US addressed to "MRS. Tillman, 2133 Gold Hollow CT, Gold River CA. 95670" (hereinafter referred to as "**THE PARCEL**").

   **THE PARCEL** is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein. I believe there is probable cause to believe that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

## Agent Background

2. I have been a Postal Inspector since February 2006. I am currently assigned to the Sacramento Domicile, San Francisco Division, of the United States Postal Inspection Service. My current assignment is to investigate the unlawful transportation of contraband, including controlled substances and proceeds of the sale of controlled substances, through the United States Mail. I attended the United States Postal Inspection Service Basic Inspector Training in Potomac, Maryland. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives. I have received specialized training in narcotics investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, and drug identification from the Postal Inspection Service.

1

3. I have participated in at least twenty investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances. During the course of these twenty investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations. I have written at least thirty-five search warrants related to parcel interdiction efforts.

4. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

5. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Statement of Probable Cause

A. **Parcel Identification**

6. On October 1, 2013, your affiant conducted an examination of Express Mail parcels at the West Sacramento Processing and Distribution Center, located in West Sacramento, California. During a visual and physical examination of **THE PARCEL**, I noticed several anomalies that my training and experience have shown are characteristics of parcels containing controlled substances and/or proceeds of narcotics trafficking.

7. **THE PARCEL** was sent by Express Mail. Express Mail parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream.

8. A search for the return address on **THE PARCEL**, "MRS. MALdonado, 11 Prairie View St., Glyndon mn. 56547" was conducted using Accurint, a database law enforcement utilizes to verify names and addresses. That search confirmed this address is a true address however no person with the last name Maldonado currently associates with this address. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often use a common titles (such as Mr. or Mrs.) along with a last name, incomplete names, fictitious names, fictitious addresses, previous addresses, or abbreviations in names and addresses in an effort to remain anonymous.

2

9. A search for the recipient address on **THE PARCEL** "MRS. Tillman, 2133 Gold Hollow CT, Gold River CA. 95670" was conducted by law enforcement using Accurint, a database law enforcement utilizes to verify names and addresses. That search confirmed a person named Derrick Tillman currently associates with this address however no female with the last name Tillman currently associates to this address. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often use fictitious names, fictitious addresses, previous addresses, or abbreviations in names and addresses in an effort to remain anonymous.

10. **THE PARCEL** did not list a telephone number of the sender or the intended recipient which prevents either party from being contacted.

11. **THE PARCEL** Express Mail label has a zip code of 56547 (Glyndon, MN) for the return address, however, it was mailed from zip code 58103 (Fargo, ND). Based on my training, experience, and conversations with other law enforcement officers, I know that individuals will travel to different postal locations in an effort to remain anonymous and avoid identification from their local postal facility.

12. On October 1, 2013, law enforcement, wearing police markings, went to the address 2133 Gold Hollow CT, Gold River CA. 95670 carrying **THE PARCEL** and spoke with a male at the residence, later identified as Eric Tillman (E. Tillman). E. Tillman claimed that "Mrs. Tillman" resided at the residence but stated she was not home. A business card was left with the E. Tillman. A return call from a female claiming to be "Mrs. Tillman" was received by law enforcement. "Mrs.Tillman" stated that she was expecting **THE PARCEL** from Ms. Erica Maldonado (Maldonado) and that its contents would include approximately $6600 in US Currency. "Mrs. Tillman" claimed the money was repayment because she previously loaned Maldonado $6000 because she (Maldonado) had experienced recent hardships. "Mrs. Tillman" gave consent to law enforcement to open **THE PARCEL** in the event it was opened in her presence. "Mrs. Tillman" was advised that law enforcement would return to her residence at an arranged time on October 2, 2013 to open **THE PARCEL** in her presence. "Mrs. Tillman" provided a telephone number for Maldonado.

13. Law enforcement called the number provided by "Mrs. Tillman" and spoke to a female who claimed to be Erica Maldonado. Maldonado confirmed she received a call from "Mrs. Tillman" and was advised that law enforcement came to her ("Mrs.Tillman's") residence. Maldonado stated she packed **THE PARCEL** herself and that it contained peanut butter and $6600 in US currency. Maldonado claimed the money was for repayment of a loan of $6000 and that she included an extra $600 in **THE PARCEL**.

proceeding

14. A criminal records check or E. Tillman revealed he had extensive criminal history and that he was currently on probation. E. Tillman failed to notify law enforcement of his probation status. On October 2, 2013, law enforcement went to 2133 Gold Hollow CT, Gold River CA. 95670 and E. Tillman answered the door and advised that "Mrs. Tillman" was not at the residence but that she would arrive in less than thirty minutes. Law enforcement, including Sacramento County Probation, then executed a probation search of the residence. While conducting the search of the residence, a handwritten note was found in Eric Tillman's bedroom which included the name "Yolanda Maldonado" and the address (return address) as it appeared on **THE PARCEL**. The note was adjacent to Eric Tillman's California medical marijuana license. In addition, user quantities of marijuana were also observed in E. Tillman's bedroom.

15. During the course of the search of the residence, a female arrived and claimed to be Mrs. Tillman. When asked if she had any identification bearing the name Tillman, the female stated she did not. The female claimed that she is known to many people as "Mrs. Tillman." She provided identification bearing the name Dina Caldwell. Caldwell maintained that **THE PARCEL** would contain repayment for a loan she made to Maldonado. Caldwell stated that law enforcement had her consent to open the parcel but was informed she could not grant consent because she is not listed as the intended recipient on **THE PARCEL**. E. Tillman later admitted **THE PARCEL** was supposed to come to him, however he disclaimed ownership of the contents of **THE PARCEL**.

### B.   Narcotic Detection Canine Sniff

16. On October 1, 2013, Special Agent Ben Davidson utilized his narcotic-detection trained canine "Bella" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located at the West Sacramento Processing and Distribution Center. Prior to conducting the sniff of **THE PARCEL**, the area was proofed by Davidson. Bella did not give a positive alert to the presence of an odor of narcotics in the area. **THE PARCEL** was then placed on the plant floor among other postal equipment and parcels. At approximately 6:55 AM., Davidson and Bella conducted a search of the area and Bella positively alerted to the presence of narcotic odor emanating from **THE PARCEL**.

17. Davidson has been a full-time sworn peace officer in the State of California since 1998 and is employed by the El Dorado County Sheriff's Office as a Narcotics Detective. Currently Davidson is assigned to the California Department of Justice, Bureau of Investigations, Mountain and Valley Marijuana Investigation Team (MAVMIT). MAVMIT is a Central Valley High Intensity Drug Trafficking Area (HIDTA) Task Force. The MAVMIT team consists of narcotic investigators from local, state, and

Federal Law Enforcement agencies. MAVMIT is responsible for the investigation of large scale drug trafficking organizations, who cultivate and traffic marijuana and other illicit controlled substances within the state of California and internationally.

18. On September 5, 2011, Davidson was assigned K-9 "Bella." "Bella" is trained in the area of narcotic detection under the instruction of Retired Deputy Sheriff John Riboni of the Los Angeles County Sheriff's Department. Mr. Riboni has fourteen years of experience in Police Canine Training, over thirty-five years of experience with Police K-9s, is a Post K-9 Certifier and was formerly a Judge with the Western States Police Canine Association. "Bella" has over eighty hours of specialized training from Mr. Riboni in the detection of marijuana, cocaine, heroin, and methamphetamine. "Bella" was subsequently certified by Mr. Greg Tawney from Elk Grove PD on March 13, 2012, as being proficient in the detection of narcotic substances in high, low, and buried locations. Training is ongoing for "Bella" and Davidson. To date, "Bella" and Davidson have completed approximately 190 hours of training.

19. Bella's alert consists of physical and mental reactions, which include heightened emotional state, and pawing at the area or object she smells drug odor coming from. "Bella" has completed training exercises where known controlled substances, containers, or paraphernalia were hidden. Because of the absorption of odor, and the narcotic detection dogs' inherently keen smell, the narcotic detection dog will continue to alert on the container or item depending on the length of exposure to the controlled substance, the specific controlled substance, and the ventilation of the item or container. Bella also conducts regular proofing exercises to ensure that she does not alert to regular, non-narcotics-associated odors including food, plastic bags and wrap, tape, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert. "Bella" has also been proofed using circulated and non-circulated U.S. currency.

## C. Methods and Means of Using the United States Mail

20. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

   a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a

5

      special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

    b. Packages contained controlled substances or proceeds, in many instances, contain a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (e.g. Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious; and/or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

    c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer. Drug traffickers exhibit a higher rate of using Express Mail and Priority Mail due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

    d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers will often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

    e. California is typically a source state for drugs, especially marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

21. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of

6

controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

22. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

    a. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

    b. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

    c. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

    d. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

    e. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

    f. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

    g. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

## Conclusion

23. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**. Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in the Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

*[signature]*
Michael Chavez
United States Postal Inspector

Sworn and Subscribed to me on October 3, 2013,

*[signature]*
Hon. Carolyn K. Delaney
United States Magistrate Judge

Approved as to form:

*[signature]*
Justin L. Lee
Assistant United States Attorney

8

## ATTACHMENT A

### *Description of the Parcel to be Searched*

One USPS Express Mail Parcel, measuring approximately 14" x 14" x 14" weighing approximately 5 pounds, 12 ounces sent via Express Mail with tracking number EI 795791972 US. **THE PARCEL** is addressed to "MRS. Tillman, 2133 Gold Hollow CT, Gold River CA. 95670" with a return address of "MRS. MALdonado, 11 Prairie View St., Glyndon mn. 56547" **THE PARCEL** bears two postage validation imprinter ("PVI") strips dated Sep 30, 13, with meter number 00011689-27, mailed from zip code 58103, in the amounts of $57.50 and $2.40 in the upper right hand corner of the parcel. The recipient address and the return address are hand-written in black ink

**THE PARCEL** is currently in my possession in the Eastern District of California.

9

# ATTACHMENT B

## *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.